# UNITED STATES DISTRICT COURT

# FOR THE

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MAHER GHAZOOL** | § | CIVIL ACTION NO: |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| **GENERAL MOTORS LLC** | § | |
| | § | |
| *Defendant* | § | JURY TRIAL REQUESTED |

## COMPLAINT

### I. Parties

1. Plaintiff, **MAHER GHAZOOL**, now and has been at all times material hereto resident of the State of Louisiana.

2. Defendant, **GENERAL MOTORS LLC**, hereinafter "GENERAL MOTORS" is a General Motors Company is a Delaware corporation with its principal place of business in Michigan. No publicly held entity owns 10% or more of the stock of General Motors Company. General Motors LLC (GM) is a Delaware limited liability company with its principal place of business in Michigan. General Motors LLC is owned by General Motors Holdings LLC. General Motors Holdings LLC is a Delaware limited liability company with its principal place of business in Michigan. General Motors Holdings LLC is owned by General Motors Company. **GENERAL MOTORS LLC**'s agent for service of process is Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802.

### II. Jurisdiction

3. This court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because

-1-

Plaintiff, MAHER GHAZOOL, and Defendant, GENERAL MOTORS LLC, are citizens of different states and the amount in controversy exceeds $100,000.00, excluding interest and costs. The total cost of the subject vehicle to the Plaintiffs including finance charges to date, out of pocket expenses, lost wages, loss of use damages, non-pecuniary damages, and attorney fees will be over $100,000.00.

This court also has jurisdiction over this lawsuit because the suit arises under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d).

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that he form part of the same case or controversy under Article 3 of the United States Constitution.

### III. Venue

4. Venue is proper in this district under 28 U.S.C. §1391(a)(3) because Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

### IV. Conditions Precedent

5. All conditions precedents have been performed or have occurred.

### V. Facts

#### A. The Transaction

6. On December 15, 2015, Plaintiff purchased a new 2016 CADILLAC ESCALADE bearing VIN 1GYS3BK0GR203973, hereinafter "ESCALADE." The ESCALADE was purchased primarily for Plaintiff's personal use. The sales contract was presented to Plaintiff at the dealership and was executed at the dealership.

7. The sales price of the ESCALADE was $80,368.91, excluding finance charges.

Plaintiff made a down payment in the amount of $20,000.00. The total cost of the vehicle to Plaintiff including finance charges will be over $100,000.00.

### B. Implied Warranties

8. As a result of the sale of the ESCALADE by Defendant to Plaintiff, an implied warranty of merchantability arose in the transaction which included the guarantee that the ESCALADE would pass without objection in the trade under the contract description; and that the ESCALADE was fit for the ordinary purpose for which such motor vehicles are purchased.

9. Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendant. Specifically, the Defendant impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C. Express Warranties

10. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the ESCALADE occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the ESCALADE had, in fact, repaired the defects.

11. Plaintiff's purchase of the ESCALADE was accompanied by express warranties offered by Defendant, GENERAL MOTORS, and extending to Plaintiff. These warranties were part of the basis of the bargain of Plaintiff's contract for purchase of the ESCALADE.

12. The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and

labor, were to be made at no charge. Additional warranties were set forth in the GENERAL MOTORS's warranty booklet and owners manual.

### D. Actionable Conduct

13. In fact, when delivered, the ESCALADE was defective in materials and workmanship, with such defects being discovered within the warranty periods. Many defective conditions have occurred since purchase, including, but not limited to: **TIRE DEFECTS, ELECTRICAL DEFECTS, VEHICLE VIBRATION DEFECTS.**

14. Since purchase, Plaintiff has returned his ESCALADE to Defendant and authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which Defendant were given the opportunity to repair the ESCALADE, the more significant and dangerous conditions were not repaired. Defendant failed to repair the vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the ESCALADE continues to this day to exhibit some or all of the non-conformities described herein.

15. The defects experienced by Plaintiff with the ESCALADE substantially impaired its use, value and safety.

16. Plaintiff directly notified all Defendant and each of him of the defective conditions of the ESCALADE on numerous occasions. Plaintiff notified Defendant that he wanted a rescission of the sale of the ESCALADE but Defendant has failed and refused to buy back Plaintiff's defective ESCALADE.

**COUNT 1: VIOLATIONS OF THE LOUISIANA REDHIBITION LAWS**

17. Plaintiff re-alleges and incorporates by reference herein each and every allegation set forth in the preceding paragraphs.

18. The ESCALADE is a "thing" under La. Civil Code Articles 2520, et seq.

19. GENERAL MOTORS is the "manufacturer" under La. Civil Code Articles 2520, et seq.

20. Matt Bowers Chevrolet Cadillac is a "seller" under La. Civil Code Articles 2520, et seq.

21. Plaintiff is the "buyer" under in La. Civil Code Articles 2520, et seq.

22. The defects described in the ESCALADE vehicle meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

23. Plaintiff has provided the Defendant sufficient opportunity to repair his defective vehicle.

24. Plaintiff has performed each and every duty required of him under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendant, as herein alleged.

25. The hidden defects in the ESCALADE existed at the time of sale, but were not discovered until after delivery. The ESCALADE is not usable and neither Plaintiff nor a reasonable prudent buyer would have purchased the ESCALADE had he known of the defects prior to the sale.

26. Furthermore, Defendant failed to perform the repair work in a good and workmanlike manner. This conduct by Defendant constitute a breach of the implied warranties under Louisiana law, and entitles Plaintiff to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, and out of pocket expenses.

27. Under Louisiana Redhibition laws, Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails. As a

proximate result of Defendant' misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 2: VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

28. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

29. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

30. Defendant, , is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

31. The ESCALADE is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

32. The express warranties pertaining to the ESCALADE are a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

33. The actions of Defendant in failing to tender the ESCALADE to Plaintiff free of defects and refusing to repair or replace the defective ESCALADE constitutes a breach of the written and implied warranties and hence a violation of the Magnuson-Moss Warranty Act.

34. Plaintiff has performed all things agreed to and required of his under the sales contract and warranty terms, except as may have been excused or prevented by the conduct of Defendant as

herein alleged.

35. As a direct and proximate result of the acts and omissions of Defendant, Plaintiff has been damaged in an amount in excess of $100,000.00 according to proof at trial.

36. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails. As a proximate result of the Defendant's misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 3: NEGLIGENT REPAIR**

37. Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs.

38. On numerous occasions after the sale, Plaintiff delivered the ESCALADE to the Defendant through its authorized warranty service dealers for repairs of the defective conditions covered under the express and implied warranties set forth hereinabove.

39. On each such occasion, Plaintiff is informed and believe, and thereupon allege, that Defendant through its authorized warranty service dealers attempted the repairs of the ESCALADE pursuant to his obligations under the express and implied warranties. Defendant owed a duty of care to Plaintiff to perform those repairs on the ESCALADE in a good and workmanlike manner within a reasonable time. The Defendant breached this duty to Plaintiff.

40. The Defendant's attempted repairs of Plaintiff's ESCALADE were done so negligently, carelessly, and recklessly as to substantially impair the ESCALADE 's use, value, and safety in its

operation and use. At no time was any repair attempt on Plaintiff's ESCALADE fully and completely repaired by the Defendant or its authorized warranty repair dealers, nor were many of the defective conditions fixed or significantly improved by the Defendant's repair attempts. Nonetheless, each time Plaintiff picked up the vehicle after the Defendant's repair attempts, Defendant through its authorized warranty repair dealers represented to Plaintiff that the repairs were complete and Plaintiff relied upon these statements by the Defendant's representatives.

41. As a direct and proximate result of Defendant's negligent failure to repair the ESCALADE within a reasonable time or within a reasonable number of attempts, Plaintiff were unable to use his ESCALADE for weeks at a time. As a further direct and proximate result of the Defendant's failure to repair the ESCALADE in a timely and workmanlike fashion, Plaintiff was forced repeatedly to take the ESCALADE in for further repair attempts and to leave the ESCALADE for periods of time at great inconvenience to Plaintiff.

42. The damages Plaintiff has suffered as a direct and proximate result of Defendant's negligence exceed $100,000.00.

## VI. Damages

43. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff.

44. Plaintiff's damages include rescission of the sale including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, damages, together with applicable penalties and attorney fees allowed by law, and with legal interest upon the entire sums awarded from the date of judicial demand, until paid, and for all costs of these proceedings.

45. The damages Plaintiff has suffered as a direct and proximate result of Defendant' actions exceed $100,000.00.

### VII. Request for Rescission

46. Plaintiff seeks the remedy of rescission of the sales contract.

47. Plaintiff revokes his acceptance of the ESCALADE for the reason that its defects substantially impair its use, value, and safety to Plaintiff and the acceptance was based on Plaintiff's reasonable reliance on the false representations and warranties of the Defendant that the defects in the ESCALADE would be repaired, and no reasonable prudent buyer would have purchased the ESCALADE with knowledge of these defects prior to the sale. Accordingly, Plaintiff seeks a cancellation of the sales contract and an order of the court restoring to him the money obtained by Defendant as a result of the false representations and breaches of express and implied warranties as set forth above. Plaintiff also seek cancellation of the debt and offers to return the ESCALADE to the Defendant.

### VIII. Attorney Fees and Costs

48. Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails. As a proximate result of Defendant' misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

### IX. Prayer for Relief

49. For these reasons, Plaintiff pray for judgment against the Defendant for the following:

a. For general, special and actual damages according to law;

b. Rescinding the sale of the 2016 CADILLAC ESCALADE bearing VIN 1GYS3BK0GR203973 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

c. For incidental and consequential damages according to law;

d. Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

e. Any diminution in value of the ESCALADE attributable to the defects;

f. Past and future economic losses;

g. Prejudgment and post-judgment interest;

h. Attorney fees;

I. Costs of suit, expert fees and litigation expenses; and

j. All other relief this Honorable Court deems appropriate.

## X.  Demand for Jury Trial

50. Plaintiff hereby demands trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
1343 West Causeway Approach
Mandeville, Louisiana 70471
E-mail: rickcdalton@outlook.com
Tel. (985) 778-2215
Fax: (985) 778-2233

ATTORNEY FOR PLAINTIFF